UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FELIX MENDEZ,
         Plaintiff      DECISION AND ORDER

-vs-
                17-CV-6824 CJS

COMMISSIONER OF SOCIAL SECURITY,

         Defendant.
_____

INTRODUCTION

  This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("Commissioner" or "Defendant"), denying the application of Felix Mendez ("Plaintiff") for Supplemental Security Income ("SSI") Benefits. Plaintiff claims to be completely disabled due a variety of ailments, including depression, sleep apnea and back pain, but the Commissioner found otherwise. Now before the Court is Defendant's motion for judgment on the pleadings (Docket No. [#11]) and Plaintiff's cross-motion [#22] for the same relief. Plaintiff's application is granted, Defendant's application is denied, and this matter is remanded for further administrative proceedings.

FACTUAL BACKGROUND

  The reader is presumed to be familiar with the facts and procedural history of this action. The Court will briefly summarize the record as necessary for purposes of this Decision and Order.

  On September 22, 2014, Plaintiff filed an application for SSI benefits, claiming

1

that he became totally disabled on September 22, 2009, although he had no reported earnings at all for 2009.[1] Prior to 2009, Plaintiff, who was born in July, 1971, never had reported earnings of more than $12,000 in any year.[2]

After the Social Security Administration denied the claim initially, a hearing was held before an Administrative Law Judge ("ALJ") on July 26, 2016, at which Plaintiff appeared and waived his right to proceed with an attorney or other representative. The ALJ took testimony from Plaintiff, a mental health therapist, and a Vocational Expert ("VE").

On August 22, 2016, the ALJ issued his decision, denying Plaintiff's application and finding that he was not disabled at any time between the date of his application and the date of the decision. In pertinent part, applying the familiar five-step analysis for evaluating disability claims, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of the application, September 22, 2014; that he had serious impairments consisting of "affective disorder, anxiety disorder, post-traumatic stress disorder (PTSD), obstructive sleep apnea, lumbar spine degenerative changes and back pain, hypertension, obesity, and alcohol abuse in remission";[3] that such conditions did not meet or equal a listed impairment; that he had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 416.967(b), with the following limitations: he can engage in only occasional climbing, stooping, kneeling, crouching, and crawling. He requires a low stress position, defined as being

---
[1] Transcript 556
[2] Plaintiff has no reported earnings for 2002, 2003, 2009, 2010, 2011, 2012, 2013, 2014 or 2015. Transcript 558. However, there is some reference in the record to Plaintiff selling cocaine.
[3] Transcript 12

2

limited to the performance of simple, routine, and repetitive tasks, in a work environment free of fast-paced production requirements, one that involves only simple work related decisions, with few if any changes in the workplace, and no more than occasional interpersonal interaction with members of the general public, co-workers, and supervisors[;]<sup>4</sup>

that he was unable to perform any past relevant work; and that with the RFC set forth above he was able to perform several other jobs identified by the VE, including "housekeeper," DOT 323.687-014 and "office helper," DOT 239.567-010.

After receiving the ALJ's unfavorable ruling, Plaintiff appealed to the Appeals Council. In connection with that appeal, Plaintiff submitted more than four hundred pages of additional evidence. However, the Appeals Council declined to review the ALJ's decision. Regarding the additional evidence submitted by Plaintiff, the Appeals Council stated:

> You submitted education records from New York City Department of Education dated December 6, 1984 to March 3, 1989 (108 pages), records from Monroe County Department of Human Services dated February 28, 2014 to January 5, 2016 (31 pages), records from Genesee Mental Health Center dated November 11, 2013 to August 16, 2016 (222 pages), and records from URMC Highland Family Medicine dated September 25, 2013 to May 5, 2016 (31 pages). We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence.
>
> You submitted records from Genesee Mental Health Center dated August 23, 2016 to August 26, 2016 (17 pages), records from URMC Highland Family Medicine dated September 12, 2016 (3 pages), records from Monroe County Department of Human Services dated November 11, 2016 to January 25, 2017 (11 pages), and records from University Sports & Spine Rehabilitation dated October 4, 2016 to October 19, 2016 (17 pages). The Administrative Law Judge decided your case through August 22, 2016. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about

---

[4] Transcript 14

whether you were disabled beginning on or before August 22, 2016.

Transcript 2.

On November 30, 2017, Plaintiff commenced this action, proceeding *pro se*. Pursuant to this Court's standing order on Social Security actions, Plaintiff was supposed to file a motion for judgment on the pleadings within a certain time after the filing of the administrative transcript, but he did not do so. Consequently, on August 6, 2018, the Commissioner filed the subject motion [#11] for judgment on the pleadings. Subsequently, Plaintiff retained an attorney, and on March 6, 2019, he filed the subject cross-motion [#22] for judgment on the pleadings. Plaintiff contends that the Commissioner's decision should be reversed for the following reasons: 1) the ALJ did not properly evaluate the opinion of consultative examiner Dr. Lin; 2) the ALJ did not properly evaluate the opinion of Plaintiff's treating mental health therapist, Ms. Gorman;[5] and 3) the Appeals Council erred in failing to review the ALJ's ruling.

The Court agrees with Plaintiff that the Appeals Council erred, or, at least, that the Appeals Council's ruling is so cursory that the Court cannot say whether it erred. Accordingly, this matter must be remanded.

## STANDARDS OF LAW

42 U.S.C. § 405(g) states, in relevant part, that "[t]he findings of the Commissioner of Social security as to any fact, if supported by substantial evidence, shall be conclusive." The issue to be determined by this Court is whether the

---

[5] With regard to the ALJ's decision, Plaintiff is not asserting error with regard to the ALJ's findings at the first three steps of the five-step sequential analysis, nor is he disputing the ALJ's finding at step four that he cannot perform any past relevant work. Rather, Plaintiff is claiming error only with regard to the RFC finding and with the resultant finding at step five that he is capable of performing other work.

Commissioner's conclusions "are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*

<u>The Appeals Council's Decision</u>

Plaintiff contends that the Appeals Council erred insofar as it "reject[ed] certain records provided after the ALJ's decision," stating:

> The Appeals Council refused to consider various evidence that related directly to the relevant time period, finding that there was no reasonable probability that it would change the outcome of the ALJ's decision. It is entirely unclear how the Appeals Council arrived at that determination, given that the evidence included five opinions from treating sources, all of which were so restrictive that if credited, they would preclude Plaintiff from full time work. The Appeals Council erred in failing to properly consider these opinions from treating sources, where, if accepted, they would have necessarily altered the outcome of the ALJ's decision.[6]

As discussed earlier, Plaintiff submitted two groups of documents to the Appeals Council. The first group was dated prior the ALJ's decision, and the Appeals Council indicated that it did "not show a reasonable probability that it would change the outcome of the decision." The second group was dated after the ALJ's decision, and the Appeals Council stated that it would not affect the ALJ's decision because it did not relate to the period at issue. Plaintiff's argument in this action expressly relates only to the first group, which, as already mentioned, consisted of

education records from New York City Department of Education dated December

---
[6] Pl. Memo of Law [#22-1] at p. 17

6, 1984 to March 3, 1989 (108 pages), records from Monroe County Department of Human Services dated February 28, 2014 to January 5, 2016 (31 pages), records from Genesee Mental Health Center dated November 11, 2013 to August 16, 2016 (222 pages), and records from URMC Highland Family Medicine dated September 25, 2013 to May 5, 2016 (31 pages).

Transcript 2.

Defendant responds that the Commissioner's "regulations do not require the Appeals Council to provide detailed explanations concerning evidence submitted, but will [sic] only briefly say 'why it did not accept the additional evidence.' See, 20 C.F.R. § 416.1470(c) (2017)."[7] Additionally, Defendant discusses the additional evidence and offers various reasons why such evidence would not have caused the Appeals Council to reach an outcome different from that reached by the ALJ.

At the outset, Defendant's citation to 20 C.F.R. § 416.1470(c) in this instance is incorrect, since that sub-section applies to evidence that either does not relate to the period on or before the ALJ's decision, or that was submitted beyond a deadline for submission, neither of which is the case here.[8] Instead, the instant dispute is governed by 20 C.F.R. § 416.1470(a)(5), which states in pertinent part that

> [t]he Appeals Council will review a case if— [it] receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.

---

[7] Def. Memo of Law [#11-1] at p. 29
[8] See, 20 C.F.R. § 416.1470(c), which states in pertinent part: "If you submit additional evidence that does not relate to the period on or before the date of the administrative law judge hearing decision as required in paragraph (a)(5) of this section, or the Appeals Council does not find you had good cause for missing the deadline to submit the evidence in § 416.1435, the Appeals Council will send you a notice that explains why it did not accept the additional evidence and advises you of your right to file a new application."

The language used by the Appeals Council in denying the appeal expressly referred to this subsection.

The Appeals Council's adverse ruling essentially amounts to a sentence: "We find this evidence does not show a reasonable probability that it would change the outcome of the decision." In some other cases where the Appeals Council has used this same cursory statement to deny review, courts have ignored the Appeals Council's lack of explanation and simply examined the additional evidence for themselves to decide whether the new evidence actually might change the outcome. *See, e.g., Velez v. Berryhill*, No. 3:18CV01024(SALM), 2019 WL 2052013, at *6 (D. Conn. May 9, 2019) ("The Appeals Council determined that 'the evidence did not show a reasonable probability that it would change the outcome of the decision.' The five pages of records documenting treatment prior to the ALJ's decision do not reveal any information the ALJ had not already considered. . . . As to the remaining records, [they do] not relate to the time frame under consideration by the ALJ. . . . Accordingly, the Appeals Council did not err in failing to consider this evidence as it did not meet the requirements of 20 C.F.R. § 404.970(a)(5) and § 416.1470(a)(5).").

This Court might be inclined to take a similar approach if the additional evidence was so limited and so clear that remand could only result in one outcome. Here, however, the additional evidence dated prior to the ALJ's decision consists of approximately 400 pages, which is more than half of the entire administrative record. The Appeals Council's perfunctory statement declining to review this material essentially leaves the Court without any idea as to whether the Council's ruling was

7

correct, and with no way to make that determination except to scrutinize the records on its own. This the Court declines to do.

The Second Circuit has previously indicated that such "cursory, formulaic" statements by the Appeals Council are not helpful, and may not be accepted at face value. *See, Pollard v. Halter*, 377 F.3d 183, 192–93 (2d Cir. 2004) ("[T]he Appeals Council's conclusion that the 'new regulations do not provide a basis to change the Administrative Law Judge's decision,' is cursory, formulaic, and not supported by any legal or factual reasoning. . . . [As some district courts have done,] we likewise refuse to credit the unsupported conclusion by the Appeals Council that Ms. Pollard's application would have failed under the Final Rules. We conclude that a remand to the SSA for reconsideration under the Final Rules is necessary.").

Other courts have also concluded that a cursory, formulaic denial by the Appeals Council under 20 C.F.R. § 416.1470(a)(5) requires remand to the Commissioner. *See, e.g., Velez v. Berryhill*, 2019 WL 2052013, at *7 ("The Appeals Council's failure to consider evidence that meets the criteria of 20 C.F.R. § 404.970(a)(5) and § 416.1470(a)(5) warrants remand. Additionally, the Appeals Council's cursory, formulaic rejection of the evidence without any legal or factual reasoning, is insufficient. Therefore, remand for reconsideration of plaintiff's SSI application is appropriate.") (citations and internal quotation marks omitted); *see also, Kocol v. Berryhill*, No. 17-CV-01268-LGF, 2019 WL 2428511, at *4 (W.D.N.Y. June 11, 2019) ("Remand is appropriate, however, in instances where the Appeals Council provides no reason for accepting an ALJ's decision upon receiving supplemental evidence from a claimant's

treating physician.") (citations omitted).

Further, the *post hoc* rationalizations offered by Defendant's counsel, for why the additional evidence submitted to the Appeals Council would not have resulted in a different outcome, are not sufficient. *See, Newbury v. Astrue*, 321 F. App'x 16, 18 (2d Cir. 2009) ("A reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action.") (citations omitted).

Accordingly, the Court finds that this matter must be remanded for the Commissioner to explain why the additional evidence submitted would not result in a different outcome than that reached by the ALJ. Additionally, although Plaintiff here expressly objected only to the Appeals Council's treatment of the evidence dated prior to the ALJ's decision, the Court directs that the Commissioner also consider whether the evidence dated after the ALJ's decision might nevertheless be material to the disability determination. *See, John v. Berryhill*, No. 1:17-CV-00963 (JJM), 2019 WL 2314620, at *4 (W.D.N.Y. May 31, 2019) ("Here, the Appeals Council summarily declined to review Nurse Ireland's assessment, explaining only that it "does not relate to the period at issue". There may be reasons why Nurse Ireland's assessment is not new and material. However, the Appeals Council's conclusory treatment of Nurse Ireland's assessment, which post-dated the relevant period by mere days and was at least the second medical opinion assessing plaintiff with hand limitations, was insufficient."); *see also, Gurnett v. Berryhill*, No. 16-CV-955-FPG, 2018 WL 3853387, at *4 (W.D.N.Y. Aug. 14, 2018) ("The Appeals Council's cursory, formulaic rejection of the evidence simply because it was generated after the ALJ's decision, without any legal or

factual reasoning, is insufficient. *See* 20 C.F.R. § 404.976(b) ("If [the claimant] submit[s] evidence that does not relate to the period on or before the date of the [ALJ's] hearing decision, the Appeals Council will explain why it did not accept the additional evidence[.]) (emphasis added).").

Because the Court is remanding the matter for further administrative proceedings that may moot the other arguments raised by Plaintiff, the Court declines to consider those arguments at this time.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for judgment on the pleadings [#22] is granted, Defendant's motion [#11] is denied, and this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.   The Clerk of the Court is directed to enter judgment for Defendant and close this action.

So Ordered.

Dated: Rochester, New York
     June 14, 2019

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge